# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jihad Anthony Zogheib,

    Plaintiff

v.

Jeffrey Turino, et al.,

    Defendants

2:17-cv-00873-JAD-CWH

**Order Granting Application to Proceed *In Forma Pauperis*, Denying Motions for a Protective Order, and Ordering Plaintiff to Show Cause why this Case Should not be Dismissed for Lack of Subject-matter Jurisdiction**

[ECF Nos. 2, 4, 5]

    Federal pretrial detainee Jihad Anthony Zogheib has filed a complaint individually and on behalf of his minor children, along with an application to proceed *in forma pauperis* and two sealed motions for a "protective order."[1] Because Zogheib fails to show serious questions going to the merits of any claim that would entitle him to a protective order or a likelihood of irreparable harm in the absence of this relief, I deny his motions for a protective order. Additionally, Zogheib's complaint raises serious jurisdictional concerns, so I order him to show cause by May 12, 2017, why his claims should not be dismised for lack of subject-matter jurisdiction.

## Background[2]

    Zogheib, who claims he is a citizen of Lebanon, has been in federal pretrial detention in this district since February 2016.[3] It appears that Zogheib met defendant Jeffrey Turino when the two were in federal pretrial detention on unrelated criminal charges. Turino was released pending sentencing in August 2016.[4] Zogheib alleges that Turino became involved with Zogheib's wife

---

[1] Zogheib submitted a sealed emergency motion for protective order along with the complaint on March 23, 2017. ECF Nos. 1, 2. Four days later, he submitted a sealed motion for protective order (ECF No. 4) and a sealed "notice" (ECF No. 3) that appear to be duplicates.

[2] These facts are taken from Zogheib's complaint.

[3] Case No. 2:16-cr-00057-LRH-VCF.

[4] ECF No. 1-1 at 4.

Donna, with whom Zogheib shares two teenaged children, shortly after his release.[5] According to Zogheib, Turino has fed Donna's alcohol addiction and "manipulated her to abandon and completely desert" the couple's children.[6] Stella Jernigan is the children's temporary guardian.[7]

Zogheib alleges that since being released, Turino has stolen from Zogheib's home various personal and valuable items.[8] And while Zogheib and Turino were incarcerated at the same facility, Turino stole and made copies of Zogheib's criminal discovery documents.[9] Zogheib claims that Turino has victimized Donna and the children by "taking advantage of" and "seduc[ing] and lur[ing]" Donna to leave Las Vegas with him and relocate to Pahrump, Nevada, where he "subjugated" her on the property of his employer, defendant Steve Saum.[10] As a result, Donna has abandoned the kids.[11]

Zogheib claims that Turino was stalking and harassing the children for the sole purpose of silencing Zogheib before Turino's March 27, 2017, sentencing.[12] And he alleges that Turino has prevented the children from visiting and rescuing Donna, who has reached out to Zogheib for help.[13] According to Zogheib, Turino "connived" Donna to lie under oath at a family-court TPO hearing, which Turino filed on Donna's behalf, and Turino forced her to "take the stand against her husband."[14] The children's school, Child Protective Services, and the Las Vegas Metropolitan Police

---

[5] *Id.* at 3–4. I have some familiarity with Zogheib's allegations against Turino because Zogheib filed more than 30 letters complaining about Turino's conduct with Donna in Turino's criminal case, 2:09-cr-132-JAD-GWF, over which I coincidentally presided.

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 6.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 10.

Department are investigating the family's situation, and the school has prohibited Turino from visiting the children there.[15] Zogheib theorizes that Saum has assisted Turino in imprisoning Donna and allows Turino to draw fraudulent payroll checks.[16]

Zogheib claims that defendants' conduct has "resulted in a substantial interference with the enjoyment of plaintiffs' daily life, marriage, and parental duties, greatly depreciated and permanently scarred the relationship between mother and daughter, mother son, and wife and husband."[17] Zogheib seeks $500,000 in damages for himself and for each child, and he moves for preliminary and permanent injunctive relief enjoining Turino and Saum from interacting with the children and from "interfering and blockading the interaction between the children and their mother. . . ."[18]

## Discussion

**A.   Zogheib fails to show serious questions going to the merits of his claims or a likelihood of irreparable harm.**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[19] In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the standards "require[ ] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a temporary restraining order] is in the public interest.'"[20] "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the

---

[15] *Id.* at 11.

[16] *Id.* at 13.

[17] *Id.* at 13.

[18] *Id.* at 16.

[19] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[20] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

other two *Winter* factors are satisfied."[21]

Zogheib does not explicitly plead any claims, but the bulk of his allegations may be liberally construed as claims for alienation of affection based on defendant Turino's "subjugation" of Donna. Nevada long ago abolished claims for alienation of affection by statute, so that theory cannot be the foundation for relief.[22] Zogheib also appears to be attempting to assert a claim for false imprisonment on Donna's behalf, which he lacks standing to do. The only potentially viable claim I can glean from the complaint is one claim for conversion of property based on Turino's alleged theft and pawning of Zogheib's personal items.

But even if Zogheib could show a likelihood of success on or serious questions going to the merits of his conversion claim, this claim would not entitle him to an injunction enjoining defendants from having contact with Zogheib's children because there is no connection between the conversion claim and the type of injunctive relief sought.[23] Nor has Zogheib established a likelihood of any specific, irreparable harm that would occur in the absence of this relief. Zogheib's main concern appears to be that defendant Turino would engage in additional harmful acts in anticipation of Turino's March 27, 2017, sentencing, which has now passed.[24] Because Zogheib fails to plead a plausible claim entitling him to the injunctive relief he seeks or show that irreparable harm is likely to result in its absence, I deny the motions for protective order.[25]

---

[21] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[22] NEV. REV. STAT. § 41.380. *See Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988) (federal court sitting in diversity cannot grant injunctive relief "if state law clearly rejects the availability of that remedy").

[23] This connection between the claim and the alleged injury is key to the court's ability to issue relief. *See Drake v. Obama*, 664 F.3d 774, 779 (9th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (noting that "the injury has to be fairly traceable to the challenged action of the defendant" so that "the injury will be redressed by a favorable decision" on the claim asserted).

[24] *See* Case No. 2:09-cr-00132-JAD-GWF. Donna—and both children—addressed the court at Turino's sentencing.

[25] Zogheib also has not shown that he is entitled to injunctive relief without written or oral notice to defendants. *See* FED. R. CIV. PROC. 65(b)(1). And the type of injunctive relief he seeks appears to be available—if anywhere—from the family court in which these domestic issues are being litigated.

**B. Zogheib must show cause why this case should not be dismissed for lack of subject-matter jurisdiction.**

Zogheib alleges that he is a citizen of Lebanon and invokes this court's diversity jurisdiction under § 1332(a)(1),[26] which gives federal district courts original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000.[27] Though Zogheib does not explicitly invoke alienage jurisdiction, § 1332(a)(2) also grants federal district courts original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state," except over actions "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same state."[28]

I lack jurisdiction over the claims brought on the children's behalf because Zogheib alleges that his children and defendants are all Nevada citizens.[29] Additionally, I question whether I have jurisdiction over Zogheib's individual claims under § 1332(a)(2). Though Zogheib alleges that he is a citizen of Lebanon, it appears that he may also be a lawful permanent resident or a citizen of the United States who was domiciled in Nevada at the time of his arrest.[30]

For example, Zogheib alleges that he married his wife Donna in Clark County, Nevada, nearly twenty years ago, and he was apparently residing in Nevada at the time of his February 2016

---

*See* ECF No. 1-1 at 10 (referencing family court case no. D-16-544498-L). Clark County family court records show that Donna filed a complaint for annulment on December 29, 2016. *See* https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11741460

[26] ECF No. 1-1 at 3.

[27] 28 U.S.C. § 1332(a)(1).

[28] 28 U.S.C. 1332(a)(2).

[29] *Id.* at 3. Zogheib alleges that his children and defendants "are Citizens of the United States of America, residing in the State of Nevada." *See Risk v. Kingdom of Norway*, 707 F. Supp. 1159, 1163–64 (N.D. Cal. 1989) (looking to children's citizenship for claims brought on their behalf by natural father rather than to the father's citizenship).

[30] *Luna v. Estate of Irigoyen*, 2014 WL 4344804, *2 (E.D. Cal Aug. 29, 2014) (explaining that, although the Ninth Circuit has not yet addressed the issue, the majority of Federal Courts of Appeal have adopted a rebuttable presumption that a prisoner retains residency in the place where he lived before incarceration for purposes of diversity jurisdiction). *See* Case No. 2:16-cr-00057-LRH-VCF.

arrest. I also take judicial notice of Zogheib's criminal records in this district. These records show that in 2003, Zogheib pleaded guilty to making a false statement in a passport application for which he was sentenced to time served and 36 months supervised release.[31] Zogheib then pleaded guilty to bank fraud—a deportable offense—in 2006.[32] These offenses occurred in Las Vegas, Nevada, and make it unlikely that Zogheib would have been permitted to remain in this country if he were not at least a lawful permanent resident. Accordingly, I order Zogheib to show cause by May 12, 2017, why this case should not be dismissed for lack of jurisdiction. In his response, Zogheib must clarify where he was living before his arrest and for how long. He must also truthfully state what his immigration status is in the United States so that I may determine whether he is "lawfully admitted for permanent residence in the United States."

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Zogheib's application to proceed *in forma pauperis* **[ECF No. 5] is GRANTED.**

IT IS FURTHER ORDERED that the motions for a protective order **[ECF Nos. 2, 4] are DENIED.**

IT IS FURTHER ORDERED that Zogheib must **SHOW CAUSE by May 12, 2017, why this case should not be dismissed for lack of subject-matter jurisdiction.** If Zogheib fails to show cause by this deadline, I will dismiss this case without prejudice and without further notice. If I am satisfied with Zogheib's response to my order to show cause, I will issue a separate order screening his claims and directing the issuance of summons, if necessary.

Dated April 10, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[31] *See* Case No. 2:02–cr-00590-RCJ-PAL.

[32] *See* Case No. 2:05-cr-00-259-BES-RJJ.