# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Jihad Anthony Zogheib, | Case No.: 2:17-cv-00873-JAD-DJA |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| Jeffrey Turino, | |
| Defendant | |

This is a conversion action by Jihad Anthony Zogheib against Jeffrey Turino. Almost four years ago, Zogheib filed a statement of Turino's death under Federal Rule of Civil Procedure 25(a)(1),[1] and he spent several years after that attempting to discover information from Turino's criminal-defense attorney and others about who might be Turino's representative or the executor of his estate. But those efforts proved fruitless, and the final subpoena against Turino's attorney was quashed last November.[2] The net result is that this action remains pled against Turino, only—a man who has been deceased for more than four years—and the deadlines to serve the complaint[3] or substitute in decedent's successor or representative have long passed. Rule 25(a)(1) states that if a motion to substitute in the decedent's proper representative "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." The rule is mandatory. Because the statement noting Turino's

---

[1] ECF No. 9.

[2] ECF No. 41.

[3] ECF No. 42 (ultimately extending the service deadline to 6/16/21).

death was filed more than 90 days ago, and no proper[4] substitution has been accomplished, IT IS

THEREFORE ORDERED that this action is dismissed under Fed. R. Civ. Proc. 25(a)(1).

Dated: July 23, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] Although Zogheib filed a motion for substitution within the 90-day window, *see* ECF No. 11, 13, it was improper because it did not identify Turino's representative or successor.  *See* ECF No. 14 at 2 ("the court cannot grant a motion to substitute until Zogheib discovers who the proper party to substitute in Turino's place is.").